# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LIONEL MATIZIE SMELLEY,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**PHYLLIS MORGAN, Warden, et al.,** )<br>)<br>**Defendants.** ) | Case No. 2:23-cv-01419-ACA-NAD |

## MEMORANDUM OPINION AND ORDER

On May 20, 2025, the magistrate judge entered a report recommending that the court (1) deny Defendants Lieutenant Akeem Edmonds and CERT Assistant Team Leader Christopher McWilliams's motions for summary judgment on Plaintiff Lionel Matizie Smelley's excessive force claims, and (2) grant the motions for summary judgment on all other claims and against all other defendants. (Doc. 66). The magistrate judge advised the parties of their right to file specific written objections within fourteen days. (*Id.*, at 30-31). Mr. Smelley requested and received additional time to file objections. (Docs. 67, 68). On June 2, 2025, Mr. Smelley filed objections (doc. 69), and on June 16, 2025, he filed a notice with the court that he did not have any further objections (doc. 70).

Mr. Smelley first objects to the recommendation that summary judgment be granted on his failure to intervene claims against Defendants Officer Duane Head

and Lt. Edmonds. (Doc. 69 at 1; *see also* doc. 70 at 2). In his pleadings, Mr. Smelley initially alleged that "Lt. Edmonds did not engage physically in this attack, but he was a witness to his co-workers attacking me." (Doc. 13 at 6). But in response to Defendants' motions for summary judgment, Smelley asserted that he was "attacked from behind by . . . Lt. Edmonds". (Doc. 62 at 4).

In his affidavit, Lt. Edmonds stated "CERT moved towards inmate Smelley and took inmate Smelley to the floor." (Doc. 25-2). Lt. Edmonds failed to clarify whether he was an observer, an active participant, or heard about the incident with Mr. Smelley after the fact. (*See id.*).

The court must construe all facts and draw all reasonable inferences therefrom in favor of the nonmovant. *Centurion Air Cargo, Inc. v. UPS Co.*, 420 F.3d 1146, 1149 (11th Cir. 2005). Taking the pleadings here in the light most favorable to Mr. Smelley, and construing all reasonable inferences in his favor, a genuine issue of material fact exists on whether defendant Lt. Edmonds observed or participated in the incident alleged.

But, even if the evidence supports a finding that Lt. Edmonds was not an active participant in the alleged attack on Mr. Smelley, Mr. Smelley fails to produce sufficient evidence to support a failure to intervene claim against Lt. Edmonds. To establish a failure to intervene claim, a plaintiff must show that the defendant was "in a position to intervene" yet "failed to do so." *Williams v. Radford*, 64 F.4th 1185,

1199 (11th Cir. 2023). Here, Mr. Smelley failed to produce any evidence which establishes the length of time of the alleged attack, or any indication that Lt. Edmonds and/or Officer Head were close enough during that unknown amount of time to be able to intervene.

In his objections, Mr. Smelley asserts that after defendant Assistant Team Leader McWilliams instructed him to put his hands on the wall and he immediately complied, he was "suddenly" pushed to the floor by Assistant Team Leader McWilliams and "the record shows that Lt. Edmonds engaged in this unjust[] beating". (Doc. 69 at 7). Mr. Smelley adds that "[a]ll of this happened within seconds." (*Id.*). Again, taking Mr. Smelley's pleadings in the light most favorable to him and construing all reasonable inferences in his favor, Mr. Smelley fails to establish sufficient facts to support a finding that either Officer Head or Lt. Edmonds was in a position to intervene but failed to do so. *See Alston v. Swarbrick*, 954 F.3d 1312, 1321 (11th Cir. 2020) (citing *Hadley v. Gutierrez*, 526 F.3d 1324, 1330–31 (11th Cir. 2008)); *Johnson v. White*, 725 F. App'x 868, 878 (11th Cir. 2018) ("Instances of force that occur within seconds do not place officers in a realistic position to intervene.").[1]

---

[1] Although *Johnson* is an unpublished opinion, the court finds it persuasive. *See McNamara v. Gov't Emps. Ins. Co.*, 30 F.4th 1055, 1060 (11th Cir. 2022).

Mr. Smelley next objects to the recommendation that the court grant summary judgment in favor of the defendants on Mr. Smelley's deliberate indifference to medical needs claim. (Doc. 69 at 1, 3; *see also* doc. 70 at 2). Assuming, without deciding, that Mr. Smelley's injuries constituted an objectively serious medical need, Smelley fails to show that any named defendant prevented or delayed his receipt of medical care. Instead, the only evidence before the court reflects that Officer Head called the infirmary twice and both times was told not to send Mr. Smelley to the infirmary. (*See* doc. 25-3). Mr. Smelley does not allege that any other defendant knew Mr. Smelley needed medical care and, with that knowledge, refused to allow him to receive that care. *See Stalley v. Cumbie*, 124 F.4th 1273, 1283-84 (11th Cir. 2024) (quoting *Wade v. McDade*, 106 F.4th 1251, 1253 (11th Cir. 2024).

Mr. Smelley also appears to object to the finding that the failure to obtain a body chart does not equate to a constitutional violation by defendants Officer Head, Lt. Edmonds, and Assistant Team Leader McWilliams. (Doc. 69 at 3–6). But as set forth by the magistrate judge, violations of prison regulations, standing alone, does not demonstrate that a constitutional violation occurred. *See Sandin v Conner*, 515 U.S. 472, 481-82 (1995).

After careful consideration of the record in this case, the magistrate judge's report, and Mr. Smelley's objections, the court **OVERRULES** the objections, **ADOPTS** the magistrate judge's report, and **ACCEPTS** the recommendation.

Accordingly, the court **WILL GRANT** Assistant Warden Phyllis Morgan and Officer Head's motions for summary judgment (docs. 25, 52; doc. 58 (construing the special reports, docs. 25, 52, 57, as motions for summary judgment)) as no genuine issues of material fact remain and these defendants are entitled to judgment in their favor as a matter of law.

The court **WILL DENY** Lt. Edmonds's and Assistant Team Leader McWilliams's motions for summary judgment (docs. 25, 52, 57; doc. 58 (construing the special reports, docs. 25, 52, 57, as motions for summary judgment)) on Mr. Smelley's excessive force claims against them in their individual capacities, and the court **WILL GRANT** those motions for summary judgment on all remaining claims against Lt. Edmonds and Assistant Team Leader McWilliams.

The court **REFERS** Mr. Smelley's excessive force claim against Mr. Edmonds and Mr. McWilliams to the magistrate judge for further proceedings.

**DONE** and **ORDERED** this June 30, 2025.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE